**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Troy S. BURTON, Defendant–Appellant.**

No. 08–3300.

United States Court of Appeals, Seventh Circuit.

Submitted June 23, 2009.[*]

Decided June 29, 2009.

Michelle L. Jacobs, Attorney, Office of The United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Troy S. Burton, Oxford, WI, pro se.

Before RICHARD D. CUDAHY, Circuit Judge, RICHARD A. POSNER, Circuit Judge, TERENCE T. EVANS, Circuit Judge.

## ORDER

Troy Burton was sentenced as an Armed Career Criminal and is serving 180 months in prison, the statutory minimum, for possessing a firearm as a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(e)(1). Burton moved to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2) because, he says, Amendment 709 to the sentencing

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R.APP. P. 34(a)(2).

guidelines entitles him to a lower sentence. *See* U.S.S.G. § 4A1.2(a)(2), Supp. to App. C 235 (2008) (Amendment 709). The district court denied the motion.

Amendment 709 was not made retroactive by the Sentencing Commission and is not a ground for reduction under § 3582(c)(2). *United States v. Alexander,* 553 F.3d 591, 593 (7th Cir.2009). More importantly, Amendment 709, which altered the rules for calculating criminal history under the Sentencing Guidelines, has no relevance to the determination whether a defendant qualifies as an Armed Career Criminal. *See* U.S.S.G. § 4B1.4 cmt. no. 1; *United States v. Hobbs,* 136 F.3d 384, 388 (4th Cir.1998); *United States v. Wright,* 48 F.3d 254, 255–56 (7th Cir.1995). Even if the amendment had been made retroactive, it could not have benefited Burton.

**AFFIRMED.**